CHRISTIAN M. CURTIS, County Counsel   SBN 270918
Office of the County Counsel
County of Mendocino
501 Low Gap Road, Room 1030
Ukiah, CA  95482

Telephone:  (707) 234-6885
Facsimile:   (707) 463-4592
cocosupport@mendocinocounty.org

Attorney for Defendant
County of Mendocino

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MARIE BORGES and CHRIS GURR, individually and doing business as GOOSE HEAD VALLEY FARMS,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF MENDOCINO, SUE ANZILOTTI, and DOES 1-25 inclusive,<br>    Defendants. | 3:20-cv-04537-SI<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: September 18, 2020<br>TIME:   9:00 a.m.<br>CTRM: 1, 17th Floor 450 Golden Gate Ave, San Francisco<br><br>Honorable Susan Illston, Senior District Judge |

## **TABLE OF CONTENTS**

**I. INTRODUCTION** ..................................................................................................................6

**II. FACTS** .................................................................................................................................7

**III. LEGAL ARGUMENT** ......................................................................................................10

    A.   **Standard For A Motion To Dismiss.** ...............................................................................10

    B.   **Plaintiffs' First and Second Causes of Action Fail to State a Claim under 42 U.S.C. section 1983 Because Plaintiffs Have Failed to Allege Facts Establishing That They Are a Class of One.** .................................................................12

    C.   **Plaintiffs' Third and Fourth Causes of Action Fail to State a Claim under 42 U.S.C. section 1983 Because Federal Law Does Not Recognize a Property Interest in a Local Permit to Cultivate Cannabis.** ........................................................16

    D.   **The Entire Action Should Be Dismissed Under the Doctrine of ex Turpi Causa Non Oritur Actio, Because Congress Did not Intend 42 U.S.C. § 1983 to Allow a Plaintiff to Receive Monetary Damages for a Lost Opportunity to Engage in an Enterprise Forbidden by Federal Criminal Statutes.** ...........................18

    E.   **Leave to Amend Would Be Futile.** ................................................................................19

**IV. CONCLUSION** .................................................................................................................19

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 11

*Barrios v. County of Tulare*,
    CASE NO. 1:13-CV-1665 AWI GSA, 2014 U.S. Dist. LEXIS 71406 (E.D. Cal. May 22,
    2014) ........................................................................................................................................ 17

*Bassett v. Ruggles*,
    No. CV-F-09-528 OWW/SMS, 2009 U.S. Dist. LEXIS 83349 (E.D. Cal. Sept. 14, 2009) . 11

*Brady v. Gebbie*,
    859 F.2d 1543 (9th Cir. 1988) ................................................................................................. 17

*Briscoe v. LaHue*,
    663 F.2d 713 (7th Cir. 1981) ............................................................................................. 10-11

*Carey v. Piphus*,
    435 U.S. 247 (1978) ................................................................................................................ 19

*Chevron, U.S.A., Inc. v. NRDC, Inc.*,
    467 U.S. 837 (1984) ................................................................................................................ 15

*Citizens Against Corruption v. Cnty. of Kern*,
    CASE NO. 1:19-CV-0106 AWI GSA JLT, 2019 U.S. Dist. LEXIS 75225 (E.D. Cal. May 3,
    2019) ........................................................................................................................................ 16

*Clubside, Inc. v. Valentin*,
    468 F.3d 144 (2d Cir. 2006) .................................................................................................... 12

*Conley v. Gibson*,
    355 U.S. 41 (1957) .................................................................................................................. 11

*Cooper v. Greenwood*,
    904 F.2d 302 (5th Cir. 1990) ................................................................................................... 17

*Danebo Lumber Co. v. Koutsky-Brennan-Vana Co.*,
    182 F.2d 489 (9th Cir. 1950) ................................................................................................... 18

*Erickson v. Cnty. of Nev.*,
    607 F. App'x 711 (9th Cir. 2015) ..................................................................................... 12, 13

*Ewell v. Daggs*,
    108 U.S. 143, 2 S. Ct. 408, 27 L. Ed. 682 (1883) ................................................................... 18

*"Florida"*,
    101 U.S. 37 (1879) .................................................................................................................. 19

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
[3:20-cv-04537-SI]
3

*Guatay Christian Fellowship v. County of San Diego*,
   670 F.3d 957 (9th Cir. 2011) ................................................................................... 16-17

*Ivey v. Bd. of Regents*,
   673 F.2d 266 (9th Cir. 1982) ......................................................................................... 11

*Jicarilla Apache Nation v. Rio Arriba Cnty.*,
   440 F.3d 1202 (10th Cir. 2006) ..................................................................................... 13

*Jicarilla Apache Nation v. Rio Arriba County*,
   440 F.3d 1202 (10th Cir. 2006) ..................................................................................... 13

*Johnson v. Wells*,
   566 F.2d 1016 (5th Cir. 1978) ....................................................................................... 11

*Kennedy v. H & M Landing, Inc.*,
   529 F.2d 987 (9th Cir. 1976) ......................................................................................... 11

*Marble v. Strecker*,
   No. CV 13-00186-M-DWM-JCL, 2014 U.S. Dist. LEXIS 50770 (D. Mont. Feb. 26, 2014)  17

*Papasan v. Allain*,
   478 U.S. 265 (1986) ...................................................................................................... 11

*Ramos v. Gallo*,
   596 F. Supp. 833 (D. Mass. 1984) ................................................................................. 17

*Reddy v. Litton Indus.*,
   912 F.2d 291 (9th Cir. 1990) ......................................................................................... 12

*Schmidt v. Cnty. of Nev.*,
   NO. 2:10-CV-3022 FCD/EFB, 2011 U.S. Dist. LEXIS 78111 (E.D. Cal. July 19, 2011) .... 17

*Smith v. City of Berkeley*,
   No. C 15-04227 WHA, 2015 U.S. Dist. LEXIS 170826 (N.D. Cal. Dec. 21, 2015) ....... 17, 18

*Squaw Valley Dev. Co. v. Goldberg*,
   375 F.3d 936 (9th Cir. 2004) ......................................................................................... 13

*Staffin v. County of Shasta*,
   No. 2:13-cv-00315 JAM-CMK, 2013 U.S. Dist. LEXIS 64625 (E.D. Cal. May 6, 2013) .... 17

*Taliferro v. Augle*,
   757 F.2d 157 (7th Cir. 1985) ......................................................................................... 19

*United States v. Redwood City*,
   640 F.2d 963 (9th Cir. 1981) ......................................................................................... 11

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ......................................................................................... 11

*Usher v. Los Angeles*,
   828 F.2d 556 (9th Cir. 1987) ..................................................................................... 11

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ..................................................................................... 11

*Willowbrook v. Olech*,
   528 U.S. 562, 120 S. Ct. 1073 (2000) ....................................................................... 12

**Federal Statutes**

   21 U.S.C. § 812 (2018) ............................................................................................. 18
   21 U.S.C. § 812(c)(10) (2018) .............................................................................. 6, 17
   42 U.S.C. § 1983 (2018) .................................................................................. 6, 18, 19

**California Cases**

*Yamaha Corp. of Am. v. State Bd. of Equalization*,
   19 Cal. 4th 1 (1998) .................................................................................................. 15

**California Statutes**

   Gov. Code § 911.2  ................................................................................................... 18
   Gov. Code, § 30600 .................................................................................................... 8
   Health & Safety Code § 11362.5  ...............................................................................8
   Health & Safety Code § 11018  .................................................................................. 6

**Other**

   Control, Regulate and Tax Adult Use of Marijuana Act, Voter Information Guide,
   Gen. Elec. (Nov. 8, 2016) ............................................................................................ 8

   Mendocino County, CA Code of Ordinances
   Section 10 A17  ................................................................................................. *passim*

1  TO: Plaintiffs ANN MARIE BORGES and CHRIS GURR, and their attorney, JOHN HOUSTON SCOTT, Esq.:

PLEASE TAKE NOTICE that on September 18, 2020, at 9:00 a.m. in Courtroom 1, 17th Floor, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Susan Illston, Senior District Judge, defendant COUNTY OF MENDOCINO will move for dismissal of each of Plaintiffs' Causes of Action.

This motion is based on this Notice of Motion and Motion, and the Memorandum of Points and Authorities in Support of Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6), the Request for Judicial Notice filed herewith, and all the pleadings, papers, and records on file herein, and on such further oral and documentary evidence as may be presented at the hearing on this motion.

DATED: August 13, 2020                OFFICE OF THE COUNTY COUNSEL
                                       Mendocino County

                                       by /s/ Christian M. Curtis
                                       CHRISTIAN M. CURTIS, County Counsel
                                       Attorney for Defendant
                                       County of Mendocino

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiffs Anne Marie Borges and Chris Gurr (collectively "Plaintiffs") have brought this action under 42 U.S.C. section 1983 seeking monetary damages stemming from the County of Mendocino's denial of a permit to commercially cultivate cannabis on their property outside of Ukiah, California.[1]  Denial of the permit appears to be the sole basis for the claims asserted

---

[1] The Mendocino County ordinances at issue in this case use the term "cannabis" to refer to the plant with the scientific name *cannabis sativia*.  "'Cannabis' also means marijuana as defined by Section 11018 of the State of California Health and Safety Code as enacted by Chapter 1407 of the Statutes of 1972."  MCC § 10A.17.010.  The relevant federal statute uses the term "Marihuana" and several of the cases cited herein use the term "marijuana."  21 U.S.C. § 812(c)(10).  For convenience and consistency, the term "cannabis" is used herein.

herein. Although their complaint makes reference to a raid by California Department of Fish and Wildlife in 2017, that agency is not joined as a defendant, the raid is not identified as a basis for any of the causes of action, and the acts alleged fall outside of the applicable statute of limitations. Complaint ¶ 18. Defendant County of Mendocino now requests that this court dismiss Plaintiffs' claims with prejudice, as denial of a permit to cultivate cannabis is not a cognizable injury under federal law, any state law claims would be time-barred, and the facts as alleged in the Complaint show that denial of the permits was proper under the relevant County ordinance.

## II. FACTS

Plaintiffs are Mendocino County Residents who "decided to partner in a business venture to become licensed to cultivate medical cannabis . . ." Complaint ¶ 9. In August of 2016, Plaintiffs purchased a farm for the purposes of cannabis cultivation based on information obtained in public meetings "featuring County and State agency representatives." Complaint ¶ 10. Plaintiffs do not allege that they resided on or cultivated cannabis at that location prior to purchasing the property. Plaintiffs completed and submitted an application to cultivate cannabis on May 1, 2017. Complaint ¶ 12; Complaint Ex. A. They received an "Application Receipt" on May 4, 2017, indicating that any garden at that site was considered to be compliant with county ordinances "until such time as a permit is issued or denied." Complaint ¶ 13; Complaint Ex. B. Subsequent to this application, Plaintiffs learned that they could not rely on prior cultivation from the County's coastal zone to qualify for a relocation permit in the inland zone, because

cannabis cultivation permits were not allowed in the coastal zone.[2] Plaintiffs attempted to remedy this issue by asserting prior cultivation at a second location in the inland zone. Complaint ¶ 20.  Plaintiffs make no assertion that they owned, controlled, or were cultivating on this second inland site at the time of the application.   Plaintiffs received an oral representation from Interim Agricultural Director Diane Curry that their application was approved, but no permit was issued due to legal counsel's concerns regarding the sufficiency of their application. Complaint ¶ 21.  The County ultimately determined that this prior cultivation did not satisfy the requirements of the County's ordinance, and denied on that basis.  Complaint ¶ 26; Complaint Ex. G.  Plaintiffs assert that the County incorrectly interpreted its ordinance to deny their permit application.  Complaint ¶ 27.  Plaintiffs further allege that the denial was the product of a conspiracy to deny Plaintiffs a permit to cultivate cannabis despite meeting the legal requirements of the County's ordinance.

### The County's Cannabis Ordinance

Understanding the allegations in Plaintiffs' Complaint requires some background regarding Mendocino County's ordinances regulating the cannabis cultivation industry. Historically, the possession, production, cultivation, and sale of cannabis were prohibited by both the Federal Government and the State of California.  Beginning in 1996, however, California began a process of decriminalization of cannabis for limited medical purposes. *See* Cal. Health & Saf. Code § 11362.5. In 2016, California voters enacted an initiative which legalized the recreational use of cannabis subject to State and local laws. *See* Control, Regulate and Tax Adult Use of Marijuana Act, Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of

---

[2] Plaintiffs incorrectly allege that the County amended its ordinance in a manner that disqualified Plaintiffs as applicants.  Complaint ¶ 15.  Unlike Plaintiffs' other allegations, the Court is not required to accept as true Plaintiffs' legal contentions or assertions which contradict facts properly subject to judicial notice.  Contrary to Plaintiffs' assertions, the Mendocino County Board of Supervisors did not meet on June 28, 2017.  *See* Complaint ¶ 15; RJN #1 and 4.  None of the ordinances amending Chapter 10A.17 of the Mendocino County Code contain the change alleged by Plaintiffs.  RJN #1.  The inability to lawfully cultivate in the coastal zone existed from the original version of Mendocino County Code Chapter 10A.17, because changes to the land uses allowed in the coastal zone are subject to additional review and approval under the Coastal Act.  See Gov. Code §§ 30600 et seq.

1  Prop. 64. A key feature of this initiative was state and local regulation designed to mitigate the
2  negative externalities of an industry that operated during prohibition without much of the same
3  regulatory framework as comparable industries.  In April of 2017, Mendocino County adopted
4  the original version of Chapter 10A.17 of the Mendocino County Code
5  ("MCC"), which contains the majority of the the County's current cannabis cultivation
6  regulations. Since 2017, the County has passed a series of additional ordinances amending
7  Chapter 10A.17. These ordinances contain several aspects tailored to the unique challenges of
8  obtaining regulatory compliance from an industry that remains prohibited under federal statutes
9  and which stands to realize higher profit margins by ignoring local regulation in addition to
10 federal law.  Some of these aspects of Mendocino's ordinances are alluded to but not fully
11 explained in Plaintiffs' Complaint, and therefore require additional explanation.

12       The first aspect of the ordinance that is relevant to this case is that the County of
13 Mendocino attempted to bring existing cultivators into regulatory compliance prior to allowing
14 the proliferation of new cannabis cultivation sites.  To this end, the County's ordinance divided
15 the permitting process into three phases.  RJN # 2, Exhibit J - MCC § 10A.17.080(A).[3]  During
16 the first phase, new cultivation is not allowed, and permits are issued exclusively to existing
17 cultivators.   MCC § 10A.17.080(A)(1).   In order to qualify for a permit during phase one,
18 applicants are required to establish that they are not creating a new cultivation site by providing
19 "Proof of Prior Cultivation."  MCC § 10A.17.080(B)(1).  For most applicants, this proof must
20 consist of photographs showing "cultivation activities that existed on the legal parcel prior to
21 January 1, 2016 . . ." and "cultivation activities that currently exist on the legal parcel . . ." in
22 addition to "[a]t least one (1) additional document demonstrating cultivation on the legal parcel
23 prior to January 1, 2016 . . ."   MCC § 10A.17.080(B)(1)(a)-(c).[4]   Although not specifically

---

[3] The County has requested judicial notice of the current version of MCC Chapter 10A.17, a copy of which is attached to the County's Request for Judicial Notices as Exhibit J. Hereinafter citations to Chapter 10A.17 will include only the code section reference.

[4] Alternative evidence is allowed to substitute for photographs of the prior cultivation if historical cultivation can be shown by an alternative document, or if evidence of participation in the County's prior permitting process is provided.  MCC § 10A.17.080(B)(1)(c); MCC § 10A.17.080(B)(1)(e).  These alternatives are not at issue in this case.

addressed in their Complaint, it is clear from Plaintiffs' allegations that the application in question was applied for under Phase I.  *See* Complaint ¶ 12 (establishing application date during which only Phase I permits were accepted); MCC § 10A.17.080(A).

The second aspect of the ordinance that is relevant to this case, is that Phase I permittees are allowed to relocate from existing grow sites to new locations, so long as it does not increase the total number of cannabis grows in Mendocino County.  MCC § 10A.17.080(B)(3).  In doing so, however, they cannot create a new cultivation site in those zoning districts for which new cannabis grows are not allowed under Phase III.[5]  This effectively encourages the existing cultivators to move to more suitable areas, rather than remain in those zoning districts in which they were grandfathered in.

The third aspect that is relevant to this case is that the County of Mendocino deprioritized enforcement against those existing cultivators who were attempting to come into regulatory compliance by filing an application.  Although not directly addressed in the ordinance, the deferral of enforcement against cultivators was widely communicated in order to encourage applications from existing cultivators who might be unable or unwilling to cease operations during the application period.  The result was that the County issued receipts for applications before any approval or denial was granted, in order to better determine which cultivators were actively attempting to come into regulatory compliance.  *See* Complaint Ex. B.

### III. LEGAL ARGUMENT

A.     **Standard For A Motion To Dismiss.**

For the purposes of this motion to dismiss, the Court must take all the factual allegations in the complaint as true.  However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v.*

---

[5] Phase I allows existing cultivators to continue to operate in some locations not zoned for cultivation.  MCC § 10A.17.080(B)(2).  Those in certain residential zones, however, sunset after three years.  MCC § 10A.17.080(B)(2)(b)(ii).

*LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd on other grounds sub nom. Briscoe v. Lahu*e, 460 U.S. 325 (1983)).

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice … Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Bassett v. Ruggles*, No. CV-F-09-528 OWW/SMS, 2009 U.S. Dist. LEXIS 83349, at *10 (E.D. Cal. Sept. 14, 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(6) provides for dismissal for failure to state a claim when it appears beyond doubt that plaintiffs can prove no set of facts to support their claim entitling them to relief. *Conley v. Gibson*, 355 U.S. 41, 46 (1957).  The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow a plaintiff to develop a case at this stage of the proceedings. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).  A court, however, need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031. Further, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (citing *Johnson v. Wells*, 566 F.2d 1016 (5th Cir. 1978); *Kennedy v. H & M Landing, Inc*., 529 F.2d 987 (9th Cir. 1976)). A court may also consider matters subject to judicial notice on a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). If the Court dismisses the complaint, it must then decide whether to grant leave to amend.  Leave to amend need not be granted when

1  amendment would be futile and the deficiencies of the complaint could not be cured by
2  amendment. *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990).

3  **B.    Plaintiffs' First and Second Causes of Action Fail to State a Claim under 42 U.S.C. section 1983 Because Plaintiffs Have Failed to Allege Facts Establishing That They Are a Class of One.**

Plaintiffs' First and Second Causes of Action should be dismissed because Plaintiffs' allegations fail to establish their claim that they are a class of one for equal protection purposes. The Supreme Court has recognized "equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000).  "In the paradigmatic class-of-one case, a public official inflicts a cost or burden on one person without imposing it on those who are similarly situated in material respects, and does so without any conceivable basis other than a wholly illegitimate motive." *Jicarilla Apache Nation v. Rio Arriba Cty.*, 440 F.3d 1202, 1209 (10th Cir. 2006).  "[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006).  This is because "[p]arties allegedly treated differently in violation of the Equal Protection Clause are similarly situated only when they are 'arguably indistinguishable.'" *Erickson v. Cty. of Nev.,* 607 F. App'x 711, 712 (9th Cir. 2015).

In this case, Plaintiffs have not averred facts which would establish that they qualify as a class of one, because Plaintiffs have failed to allege that they were treated differently from others who were similarly situated in *material* respects.  Although Plaintiffs have alleged that they are the only AG40 applicants who were denied a permit despite meeting the requirements under Mendocino County Code section 10A.17.010(B)(3), they do not address whether all other applicants complied with Mendocino County Code section 10A.17.010(B)(1)—the basis on

which their permit was denied.[6]  Complaint ¶ 26, Ex. G.  This is insufficient.  Plaintiffs cannot adequately allege that they are "arguably indistinguishable" from those parties who received permits by focusing exclusively on factors unrelated to the permit denial.  *Erickson v. Cty. of Nev.,* 607 F. App'x 711, 712 (9th Cir. 2015).  Instead, they must allege facts establishing that they are "similarly situated in *material* respects . . ."  *Jicarilla Apache Nation v. Rio Arriba Cty.*, 440 F.3d 1202, 1209 (10th Cir. 2006) (italics added).

Moreover, while Plaintiffs have contended that the reason for permit denial was pretextual, it is clear from the Complaint that this characterization is based on a fundamental misreading of the County's ordinance.  Complaint ¶¶ 26-27.  In some circumstances, evidence that the alleged basis for government action was pretextual may be relevant to establishing a class of one claim.  *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936 (9th Cir. 2004)  In this case, however, the facts as alleged in the Complaint show that denial of the permit was proper, because Plaintiffs were attempting to create a new cultivation site at a time at which the permitting process was only open to existing growers in the inland zone.[7]  In this case, Plaintiffs allege that they "never applied for a medical cannabis cultivation permit pursuant to paragraph (B)(1) of the County Ordinance."  Complaint ¶ 27.  Instead, they assert that their application was "submitted pursuant to paragraph (B)(3) of the Ordinance . . ."  *Id*.  Because of this, Plaintiffs contend that the denial of their permit, which cited a failure to comply with section 10A.17.080(B)(1), was "based on a false and fraudulent premise." Complaint ¶ 26.  The plain language of the ordinance, however, clearly establishes that an applicant for a relocation permit must meet the requirements of both section 10A.17.080(B)(1) and 10A.17.080(B)(3), and the County has publicly explained this requirement in its FAQ since 2017. *See* RJN #3, Exhibit K.

---

[6] Plaintiffs assert that they were denied a "temporary" permit to cultivate cannabis.  Complaint ¶¶ 32, 33, 41.  Unlike the State's permit process, the Mendocino County Ordinance does not create a category of temporary permits.  Accordingly, it's unclear what Plaintiffs are asserting in this context.

[7] Plaintiffs have not challenged the County's scheme for processing applications from existing cultivators before accepting application for new cultivation.

1    Section 10A.17.080 of the Mendocino County Code is entitled "Permit Phases and
2 Requirements Specific to each Phase." It begins "[u]nless specifically exempted . . . all Permits
3 shall comply with the following requirements . . ." MCC § 10A.17.080.  Section 10A.17.080(B)
4 sets forth the requirements for permits issued under Phase I.  It provides that "Persons applying
5 for a Permit during Phase One shall be required to provide to the Agricultural Commissioner
6 evidence that they were cultivating cannabis on the cultivation site prior to January 1, 2016 . . ."
7 Section 10A.17.080(B)(1).  Although referred to as "prior cultivation," the applicant must
8 demonstrate both that they historically cultivated at that location and that they are *currently*
9 cultivating at that location.  MCC § 10A.17.080(B)(1)(a)-(c).  New outdoor cultivation is not
10 allowed until Phase III opens on April 1, 2021.[8]

11   During Phase I, applicants are allowed to move an existing cultivation site to a more
12 suitable location through a process called "Relocation."  MCC § 10A.17.080(B)(3).  This
13 process, however, is not intended to create new cultivation sites during Phase I.  Instead,
14 relocation is only available to "[p]ersons able to show proof of prior cultivation pursuant to
15 paragraph (B)(1) . . ."  MCC § 10A.17.080(B)(3).  Once relocated, cultivation on the prior site
16 must be extinguished.  MCC § 10A.17.080(B)(3)(e)-(f).  Additionally, the applicant must restore
17 the origin site to a suitable condition that rehabilitates any environmental impact caused by the
18 cannabis cultivation in that location.  MCC § 10A.17.080(B)(3)(c).  The ordinance alternatively
19 refers to the prior site as the "origin site" and an "existing cultivation site."  See MCC §
20 10A.17.080(B)(3)(c)(i)-(ii).  The effect and purpose of these requirements is that, during Phase I,
21 *existing* cultivators are allowed to move their cultivation sites to more suitable locations, but *new*
22 cultivation is not allowed.  This is because the purpose of Phase I is to bring existing cultivators
23 into regulatory compliance prior to allowing proliferation of new sites, not to convey a benefit on
24 anyone who happened to cultivate prior to legalization.

25   In order to explain this requirement to the public, the County of Mendocino has
26 maintained a "Frequently Asked Questions" ("FAQ") page which explains these requirements.

---

[8] This date has been moved back a few times by ordinance amendments.  RJN #1.  At this time, there is still a substantial number of Phase I permit applications pending final approval.

RJN #3.  The denial letter provided to Plaintiffs cited this FAQ, and noted that this statement had been posted since July of 2017.  Complaint Ex. G.  It reads:

> **Is there a pathway for a cultivator to obtain a Permit for a parcel/cultivation site other than the one on which the cultivator can show "proof of prior cultivation" pursuant to MCC §10A.17.080(B)(1)?**
>
> Yes, through the relocation process identified in MCC §10A.17.080(B)(3).
>
> **Must the cultivation activities used to show proof of cultivation prior to 1/1/16 be located on the same legal parcel as the proof of current cultivation activities?**
> Yes. In order to show proof of prior cultivation pursuant to MCC §10A.17.080(B)(1)(a) & (b), a cultivator must show that the current cultivation activities and the cultivation activities prior to 1/1/16 took place on the same legal parcel.

See RJN #3, Exhibit K. This interpretation of the County's own ordinance is entitled to substantial judicial deference, in the event that the Court finds any ambiguity in the language of the underlying ordinance.  *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984); see also *Yamaha Corp. of Am. v. State Bd. of Equalization*, 19 Cal. 4th 1 (1998).

Based on the allegations in Plaintiffs' complaint, it is clear that they did not qualify for a Phase I permit under MCC §10A.17.080(B)(3), because they were not attempting to license or relocate a permissible *existing* cultivation site.  Plaintiffs allege that they decided to create a new business venture to cultivate cannabis in May of 2016.  Complaint ¶ 9.  They acquired real property for this purpose in August of 2016.  Complaint ¶ 10.  In May of 2017, they applied for a permit to cultivate cannabis at this location.  Complaint ¶ 12.  Their application, however, attempted to relocate a grow site from a coastal location.  Complaint ¶ 13.  They subsequently learned that this was not allowed, because cultivation was not allowed in the coastal zone.  Complaint ¶¶ 15, 20.  They then attempted to cure this defect by relying on proof of prior cultivation from an inland area of the County, in Willits, California.  Complaint ¶ 20.  Plaintiffs have not alleged, however, that they were currently cultivating at that location in Willits, and the document which plaintiff, Borges, provided to the County indicated that she had "previously cultivated cannabis" at that location but that "all of Borges' cannabis cultivation activities at the Original Site have permanently ceased . . ."  Complaint Ex. D.

Under these circumstances, the Court is not required to accept Plaintiffs' characterization of the basis for the permit denial as pretextual. Although Plaintiffs' factual averments must be accepted as true at this stage of the litigation, the same does not extend to Plaintiffs' legal conclusions. Plaintiffs' assertion that their application did not need to comply with the proof of prior cultivation requirements in Mendocino County Code section 10A.17.080(B)(1), is clearly a legal conclusion. Complaint ¶ 27. Because this legal conclusion is the sole basis for Plaintiffs' assertion that their permit was denied for pretextual reasons, because this legal conclusion is inconsistent with the plain language of the ordinance, and because Plaintiffs have not alleged any facts showing that they were treated differently from similarly situated applicants, Plaintiffs' first two causes of action fail to state a claim for which relief can be granted.

**C.      Plaintiffs' Third and Fourth Causes of Action Fail to State a Claim Under 42 U.S.C. section 1983 Because Federal Law Does Not Recognize a Property Interest in a Local Permit to Cultivate Cannabis.**

Plaintiffs' Third and Fourth Causes of Action assert that the County of Mendocino violated their right to substantive due process by denying their application for a permit to cultivate medical cannabis on their property. Specifically, Plaintiffs allege that "The County of Mendocino . . . denied Plaintiffs a temporary permit to cultivate medical cannabis in violation of the Due Process Clause of the Fourteenth Amendment." (Complaint ¶ 50) These assertions, however, are insufficient to state a claim for relief because the cultivation of cannabis remains prohibited by federal statute. Consequently, "Plaintiffs face the insurmountable hurdle that federal law does not recognize any protectible liberty or property interest in the cultivation, ownership, or sale of marijuana." *Citizens Against Corruption v. Cty. of Kern*, No. 1:19-CV-0106 AWI GSA JLT, 2019 U.S. Dist. LEXIS 75225, at *8 (E.D. Cal. May 3, 2019)

"To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a

deprivation of the interest by the government; [and] (3) lack of process.'"[9] *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011).  "Though state law creates a property interest, not all state-created rights rise to the level of a constitutionally protected interest."  *Brady v. Gebbie*, 859 F.2d 1543, 1548 n.3 (9th Cir. 1988).  "Courts will not entertain a claim contesting the confiscation of contraband *per se* because one cannot have a property right in that which is not subject to legal possession."  *Cooper v. Greenwood*, 904 F.2d 302, 305 (5th Cir. 1990).  "A typical example [of contraband *per se*] is cocaine, a controlled substance, the possession of which is unlawful under the Controlled Substances Act . . ."  *Id*.  Cannabis is also a controlled substance.  21 U.S.C. § 812(c)(10).

"[B]ecause marijuana is contraband per se under federal law . . . no person can have a cognizable legal interest in it."  *Marble v. Strecker*, No. CV 13-00186-M-DWM-JCL, 2014 U.S. Dist. LEXIS 50770, at *22 (D. Mont. Feb. 26, 2014).  The same is true for any entitlement to possess cannabis under state law, such as a "marijuana card."  *Id.*; see also *Smith v. City of Berkeley*, No. C 15-04227 WHA, 2015 U.S. Dist. LEXIS 170826, at *6 (N.D. Cal. Dec. 21, 2015); *Barrios v. Cty. of Tulare*, No. 1:13-CV-1665 AWI GSA, 2014 U.S. Dist. LEXIS 71406, at *12-13 (E.D. Cal. May 22, 2014); *Staffin v. Cty. of Shasta*, No. 2:13-cv-00315 JAM-CMK, 2013 U.S. Dist. LEXIS 64625, at *13-14 (E.D. Cal. May 6, 2013); *Schmidt v. Cty. of Nev.*, No. 2:10-CV-3022 FCD/EFB, 2011 U.S. Dist. LEXIS 78111, at *18 n.10 (E.D. Cal. July 19, 2011).  Consequently, while the County of Mendocino and the State of California have chosen to regulate cannabis and cannabis production in a manner other than blanket prohibition, that decision does not create a federally recognized property right to do what remains prohibited under federal law.  Because Plaintiffs' claims rest entirely on the denial of an entitlement to cultivate a controlled substance, they have not and cannot state a claim for violation of their federal due process rights.

---

[9] Plaintiffs have characterized their due process claims as violations of *substantive* due process.  Complaint [9:22].  This appears, however, to be a simple mislabeling in the title of the cause of action.  "A substantive due process claim . . . alleges not that the state's procedures are somehow deficient, but that the state's conduct is inherently impermissible, regardless of any protective or remedial procedures it provides."  *Ramos v. Gallo*, 596 F. Supp. 833, 837 (D. Mass. 1984).  The allegations in Plaintiffs' Complaint are that their permit was denied improperly, not that the County lacked the ability to deny a permit.

D.   **The Entire Action Should Be Dismissed Under the Doctrine of ex Turpi Causa Non Oritur Actio, Because Congress Did not Intend 42 U.S.C. § 1983 to Allow a Plaintiff to Receive Monetary Damages for a Lost Opportunity to Engage in an Enterprise Forbidden by Federal Criminal Statutes.**

As noted above, Plaintiffs' four causes of action are all based on the County's denial of Plaintiffs' application for a permit to commercially cultivate cannabis. Plaintiffs' claims for monetary damages are founded exclusively on a federal statute, 42 United States Code section 1983, and their time for presenting a claim founded on a state law claim has passed. Complaint ¶ 40-55; See Cal. Gov. Code § 911.2. Based on the denial of their cannabis permit, Plaintiffs seek "past and future lost earnings and lost earning capacity . . ." Complaint ¶ 37. That is, Plaintiffs seek monetary compensation for a lost opportunity to cultivate and sell cannabis. These activities, however, are prohibited by federal criminal law. 21 U.S.C. § 812. Accordingly, federal statutes and federal courts will not afford Plaintiffs the relief they seek.

Under established federal case law, "No court will lend its aid to a party who founds his claim for redress upon an illegal act." *The "Florida"*, 101 U.S. 37, 42 (1879). "If, from the plaintiff's own stating or otherwise, the cause of action appear to arise ex turpi causa, or the transgression of a positive law of the country, there the court says he has no right to be assisted." *Danebo Lumber Co. v. Koutsky-Brennan-Vana Co.*, 182 F.2d 489, 494 (9th Cir. 1950). "The denial of relief based on that maxim (known by the latin phrase *ex turpi causa non oritur actio*) is 'not for the sake of the defendant, but because [courts] will not lend their aid to such a plaintiff.'" *Smith v. City of Berkeley*, No. C 15-04227 WHA, 2015 U.S. Dist. LEXIS 170826, at *6 (N.D. Cal. Dec. 21, 2015) (quoting *Ewell v. Daggs*, 108 U.S. 143, 149, 2 S. Ct. 408, 27 L. Ed. 682 (1883).). This doctrine applies to plaintiffs who attempt to use federal law to obtain damages for a lost opportunity to engage in a cannabis enterprise due to denial of local permits. *Id.*

Moreover, it would be anomalous to conclude that Congress intended that the federal statute at issue in this case would be a vehicle for obtaining lost revenue from an enterprise wholly forbidden under federal criminal law. Such an interpretation would place section 1983 in tension with other federal criminal statutes and create absurd results. From context, however, it

is clear that Congress intended no such result.  In enacting 42 United States Code section 1983, Congress chose to rely on common law tort principles, rather than statutory language, for several of its key features.  See, e.g., *Carey v. Piphus*, 435 U.S. 247 (1978); see also *Taliferro v. Augle*, 757 F.2d 157 at 161-62 (7th Cir. 1985) ("[F]ederal tort statutes such as 42 U.S.C. § 1983 are not self-contained. They are enacted against a background of common law tort principles governing causation and damages.").  At the time of section 1983's enactment, this include the common law principle of *ex turpi causa non oritur actio.  See The "Florida"*, 101 U.S. 37, 42 (1879).  Consequently, section 1983 cannot reasonably be understood to allow to grant Plaintiffs a monetary award for a local government's denial of their request for a permit to cultivate cannabis.

E. **Leave to Amend Would Be Futile.**

In this case, the Court should dismiss the claims with prejudice because it is clear from the face of the pleadings that leave to amend would be futile.  As noted above, the allegations in Plaintiffs' own Complaint affirmatively establish that their permit application was properly denied under the County's Ordinance.  Moreover, Plaintiffs' claims all derive from their lost opportunity to cultivate cannabis in contravention of federal law.  Accordingly, it is clear that Plaintiffs cannot state a federal claim for which relief can be granted.

## IV. CONCLUSION

Based on the foregoing legal arguments, Defendant respectfully submits that Plaintiffs' action be dismissed in its entirety, with prejudice.

DATED: August 13, 2020                    OFFICE OF THE COUNTY COUNSEL
                                          Mendocino County

                                          by /s/ Christian M. Curtis
                                          CHRISTIAN M. CURTIS, County Counsel
                                          Attorney for Defendant
                                          County of Mendocino