UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANN MARIE BORGES, *et al*.,

Plaintiffs,

v.

COUNTY OF MENDOCINO,

Defendant.

Case No. 20-cv-04537-SI

**ORDER RE: DISCOVERY**

Re: Dkt. No. 90

The parties have submitted a discovery dispute regarding the adequacy of plaintiffs' responses to the County's requests for admissions and interrogatories, as well as whether plaintiffs are required to respond to the County's second set of special interrogatories. The Court has reviewed the discovery requests and plaintiffs' responses, and rules as follows:

1. For any requests for admission where plaintiffs responded "unable to admit or deny," plaintiffs shall provide amended responses that "state in detail why the answering party cannot truthfully admit or deny it." It is improper to simply respond "unable to admit or deny." *See generally* Fed. R. Civ. Proc. 36(a)(4); *Asea Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245-46 (9th Cir. 1981). Plaintiffs are advised that if they do not provide sufficient amended responses, it is within the Court's discretion to deem matters admitted. *See id*.

2. Any responses that cross-reference other discovery responses or documents without identifying Bates numbers (*e.g*. Borges' Response to Special Interrogatory No. 9) are improper and shall be supplemented with substantive responses and Bates numbers.

3. A number of requests for admission and interrogatories asked plaintiffs about their permit application process and to identify other applicants who plaintiffs contend support

their class-of-one claim, evidence that is necessary to satisfy plaintiffs' burden of proof. Plaintiffs generally responded that they "do[] not have this information" (*e.g.*, Borges' Responses to Special Interrogatories 2-5) and yet also explained their denials to certain requests for admission by stating "Plaintiff are aware of other approved applicants with transfers." Borges' Supplemental Responses to Interrogatory No. 11. These answers appear to be inconsistent, and if plaintiffs are aware of other applicants they must provide specific answers that provide information about those applicants. Plaintiffs are directed to supplement their answers to provide fulsome, responsive answers. Plaintiffs are further advised that Federal Rule of Civil Procedure 37(c)(1) provides that a party's failure to disclose or supplement information will result in that party being precluded from using that information on a motion, at a hearing, or at trial, unless that failure was substantially justified or harmless. This sanction applies to failures to supplement discovery responses in accordance with Federal Rule of Civil Procedure 26(e). *See* Fed. R. Civ. Proc. 37(c)(1); *see also Hoffman v. Constr. Prot. Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

4. On December 20, 2021, the County propounded a second set of special interrogatories. Plaintiffs objected on the ground that the responses would be due after the January 17, 2022 discovery cut-off. The Court agrees with plaintiffs that this second set was untimely and plaintiffs need not provide substantive responses.

**Plaintiffs' supplemental responses shall be provided no later than February 18, 2022.**

**IT IS SO ORDERED**.

Dated: February 9, 2022

_____
SUSAN ILLSTON
United States District Judge