UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MARIE BORGES, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MENDOCINO, <br><br> Defendant. | Case No. 20-cv-04537-SI <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY** <br><br> Re: Dkt. No. 94 |

Defendant's motion to exclude testimony by plaintiffs' experts is scheduled for a hearing on March 25, 2022. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion.

**DISCUSSION**

Defendant moves to exclude the proposed expert testimony of plaintiff Ann Marie Borges, real estate agent Peter White, and former Mendocino County Interim-Agricultural Commissioner Diane Curry. Plaintiffs do not oppose the motion as to Borges and White, and as such the motion is GRANTED as to these two individuals.

Plaintiffs designated Ms. Curry as a non-retained expert on the interpretation and implementation of Ordinance No. 4381, Mendocino County Code of Ordinances, Chapter 10A, which governs the permitting process for cultivating cannabis in Mendocino County. Ms. Curry

and her staff reviewed plaintiffs' application to cultivate cannabis and Ms. Curry made the decision to initially approve the application. After Ms. Curry left her employment with the County, her successor denied plaintiffs' application. Plaintiffs state that Ms. Curry "has first-hand knowledge of the facts" and that she "fits well within the definition of an expert under Rule 701 – she was hired and appointed by the County because of her 'knowledge, skill, experience, training and education.'" Opp'n at 4.

"[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Federal Rule of Evidence 702 permits the introduction of expert testimony only if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," (2) "the testimony is based on sufficient facts or data," (3) "the testimony is the product of reliable principles and methods," and (4) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The proponent of the expert testimony has the burden of proving the proposed testimony is admissible. *Lust ex rel. Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). "Although the district court must perform a gatekeeping function, a trial court 'not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability.'" *United States v. Gadson*, 763 F.3d 1189, 1202 (9th Cir. 2014) (citation omitted); see also *Daubert*, 509 U.S. at 597.

Defendant contends that Ms. Curry may testify as a percipient witness, but that she may not testify as an expert about the intent and implementation of the County's cannabis cultivation permit ordinance. The Court agrees. Ms. Curry may testify about her understanding of the ordinance and how she implemented the ordinance based upon her work at the County; this testimony is lay testimony. *See* Federal Rule of Evid. 701; *see also Hedquist v. Walsh*, No. 16-CV-265-J, 2018 WL 11251342, at *7 (D. Wyo. Mar. 15, 2018) (ruling police chief "is allowed to testify as a fact witness about the state statutes and city ordinances relevant to the defense of this case, but shall not considered as an expert in these areas"). The Court also finds that designating Ms. Curry as an expert would give improper weight to her testimony to the detriment of the weight given to Ms.

2

Curry's successor, who will also be testifying as a lay witness. *Id*.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion.

**IT IS SO ORDERED**.

Dated: March 21, 2022

SUSAN ILLSTON
United States District Judge