UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MARIE BORGES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MENDOCINO,<br><br>Defendant. | Case No. 20-cv-04537-SI<br><br>**ORDER OVERRULING PLAINTIFFS' OBJECTION TO BILL OF COSTS AND DIRECTING CLERK TO TAX BILL OF COSTS**<br><br>Re: Dkt. No. 132 |

Plaintiffs Ann Marie Borges and Chris Gurr have filed an objection to the County's bill of costs. They do not dispute that the County is the prevailing party, but they request that the Court exercise its discretion and refuse to award costs based on the factors articulated by the Ninth Circuit in *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) ("Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties.").

Rule 54(d)(1) of the Federal Rule of Civil Procedure provides that "costs—other than attorney[ ] fees—shall be allowed to the prevailing party." "[T]he rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican–American Educ. v. State of Cal.*, 231 F.3d 572, 591 (9th Cir.2000) (en banc).

The Court finds that it is not appropriate to deny the County's costs in this case. As an initial matter, the Court notes that the County's costs of $ 9,344.91 are reasonable and are not so high as to have a chilling effect on future civil rights actions. More importantly, the Court disagrees with plaintiffs' assessment of the public importance of this case – this case primarily involved plaintiffs'

"class of one" challenge to the County's denial of their application to cultivate marijuana and the County's zoning decisions. While the claims were certainly important to Ms. Borges and Mr. Gurr, they did not implicate larger societal matters or questions of broad public significance. The legal questions were not particularly close, as plaintiffs' due process claims were foreclosed by *Gonzales v. Raich*, 545 U.S. 1 (2005), and plaintiffs did not have evidence in support of their equal protection "class of one" claims. Finally, the Court finds that plaintiffs' declarations do not establish that they have limited financial resources such that paying costs would be a hardship. Instead, both plaintiffs discuss the amounts of money that they invested, and lost, as a result of the County's denial of their permit application, and they state that they have returned to work in real estate (Borges) or information technology (Gurr) for employment.

Accordingly, the Court OVERRULES plaintiffs' objection and directs the Clerk to tax the bill of costs found at Docket No. 120.

**IT IS SO ORDERED**.

Dated: June 26, 2023

SUSAN ILLSTON
United States District Judge