1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    G & G CLOSED CIRCUIT EVENTS, LLC,          Case No. 22-cv-02714-SI

8                    Plaintiff,
                                                **ORDER GRANTING IN PART**
9           v.                                  **PLAINTIFF'S MOTION FOR**
                                                **ATTORNEYS' FEES AND COSTS**
10   BREWS & BRATS, INC, et al.,
                                                Re: Dkt. No. 31
11                   Defendants.

12

13

14          Before the Court is plaintiff's motion for attorneys' fees and costs.  Dkt. No. 31.  Pursuant

15   to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral

16   argument.  For the reasons discussed below, the motion is **GRANTED IN PART** and **DENIED IN**

17   **PART.**  The Court awards $2,967.50 in attorneys' fees and $664.50 in costs.

18

19                                       **BACKGROUND**

20          As explained more fully in this Court's order granting default judgment, this case arises out

21   of plaintiff's allegation that defendants intercepted and displayed a boxing program in violation of

22   47 U.S.C. §§ 553 and 605.  Dkt. No. 1.  This Court granted plaintiff's motion for default judgment

23   and found defendants liable under section 605.  Dkt. No. 28.  Plaintiff sought $3,600 in statutory

24   damages, $18,000 in enhanced statutory damages, and $1,200 in damages for conversion; however,

25   the Court awarded $2,200 in total damages.  Dkt. Nos. 22, 28.  Plaintiff now seeks $8,611.90 in

26   attorneys' fees and $1,451.13 in costs.  Dkt. No. 31.

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

**LEGAL STANDARD**

Reasonable attorneys' fees are recoverable under 47 U.S.C. § 605(e)(3)(B)(iii). "To determine the amount of a reasonable fee, district courts typically proceed in two steps: first, courts generally apply the lodestar method to determine what constitutes a reasonable attorney fee; and second, the district court may then adjust the lodestar upward or downward based on a variety of factors, including the degree of success obtained by the plaintiffs." *Bravo v. City of Santa Maria*, 810 F.3d 659, 665–66 (9th Cir. 2016).

"The Supreme Court has instructed that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate, an approach commonly known as the lodestar method." *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (internal quotations omitted). "When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid," and showing "that the rate charged is in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir.1996)). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

**DISCUSSION**

**A.     Attorneys' Fees**

Plaintiff requests $8,611.90 in attorneys' fees, consisting of:

    5.40 hours of work at an hourly rate of $600 by Attorney Riley, totaling $3,240;

    11.50 hours of work at an hourly rate of $325 by an unnamed research attorney, totaling $3,737.50; and

    13.62 hours of work at an hourly rate of $120 by an administrative assistant, totaling $1,634.40.

Dkt. No. 31-1, Exhibit 1 at 5. As an initial matter, the Court finds that Mr. Riley's claimed $600 hourly rate, while higher than the $550 hourly rate sought and awarded in recent similar cases in the

2

United States District Court
Northern District of California

1   Northern District, is nonetheless reasonable.  *See, e.g.*, *G & G Closed Cir. Events, LLC v. Miranda*,

2   No. 20-CV-07684-CRB, 2022 WL 35602, at *1 (N.D. Cal. Jan. 4, 2022); *G & G Closed Cir. Events,*

3   *LLC v. Segura*, No. C 20-07576 WHA, 2021 WL 4978456, at *1 (N.D. Cal. Sept. 28, 2021).  The

4   Court similarly finds that the claimed $325 hourly rate for the research attorney is reasonable in

5   light of the $300 hourly rate for research attorneys in similar recent cases in the district.

6          The Court notes that plaintiff did not keep contemporaneous hours but rather "reconstructed"

7   hours after reviewing the case file. Dkt. No. 31-1, Riley Decl. at ¶ 7.  This resulted in a list of nearly

8   70 line items, many of which are nonspecific and duplicative.  *See* Dkt. No. 31-1, Ex. A.  The Court

9   finds reconstructed billing records inherently less reliable than contemporaneous records.  While

10  "the lack of 'contemporaneous records' is not a basis for denying" a fee request in its entirety,

11  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000), it is proper to reduce a fee award to

12  account for "failure to keep contemporaneous time records."  *Hensley v. Eckerhart*, 461 U.S. 424,

13  438 (1983).  The Court also observes that the total fee requested is disproportionately high compared

14  with recent cases in this district involving the same plaintiff and attorney and similar fact patterns.

15  *See  G & G Closed Cir. Events, LLC v. Miranda*, No. 20-CV-07684-CRB, 2022 WL 35602, at *1

16  (N.D. Cal. Jan. 4, 2022) (noting $9,145.20 fee request was "over three times the fee awards in similar

17  recent matters in this district involving plaintiff" and awarding $2,765.25 in fees).  Accordingly, the

18  Court reduces the fee as follows.

19         First, the Court awards no fees for work billed by the administrative assistant.  "An award

20  of fees for time spent by an administrative assistant is not consistent with the practice in the Northern

21  District of California; rather, '[s]uch fees should have been subsumed in firm overhead.' "  *J & J*

22  *Sports Prods., Inc. v. Campos*, 2014 WL 3593591, at *5 (N.D. Cal. July 18, 2014) (quoting

23  *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)).  Accordingly, the Court reduces the fee

24  award by $1,634.40.

25         Next, as in a previous case involving plaintiff, "the Court observes the staggering number of

26  billing entries that supposedly involved glancing at one-line docket entries by the court clerk."

27  *G & G Closed Cir. Events, LLC v. Miranda*, No. 20-CV-07684-CRB, 2022 WL 35602, at *2 (N.D.

28  Cal. Jan. 4, 2022).  Mr. Riley and the administrative assistant each billed for review of:  the order

3

assigning the case to Magistrate Judge Kim (Dkt. No. 5), the initial case management scheduling order (Dkt. No. 6), the clerk's notice concerning consent or declination to proceed before a magistrate judge (Dkt. No. 8), the notice of impending reassignment to a district court judge (Dkt. No. 10), the order reassigning to the undersigned (Dkt. No. 11), the initial case management guideline (Dkt. No. 12), the entry of default (Dkt. No. 20), the clerk's notice vacating the initial case management conference (Dkt. No. 21), the notice setting a Zoom hearing on the motion for default judgment (Dkt. No. 24), the minute entry for that hearing (Dkt. No. 25), and the clerk's notice vacating a follow-up hearing (Dkt. No. 27). As the Court did in *Miranda*, this Court finds that billing for "each glance at a one-line docket entry" is excessive. 2022 WL 35602, at *2 (N.D. Cal. Jan. 4, 2022). The Court strikes Riley's entries for these items, reducing the fee award by $600.

Other entries were clerical in nature and "should have been subsumed in firm overhead rather than billed." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). The Court strikes Mr. Riley's entries for review of issued summonses, the execution of a declination to proceed before a magistrate judge, execution of certificates of service, and review and execution of a bill of costs, reducing the fee award by $420.

Finally, the Court further reduces the fee award because plaintiff seeks to recover for 11.5 hours of work by an unnamed research attorney whose work resulted in boilerplate motions for default judgment and attorneys' fees and costs. *See* Dkt. No. 31-1, Exhibit A. Plaintiff's counsel "specializes in the civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of major televised sporting events and has done so since December 1994." Riley Decl. ¶ 4. The unnamed research attorney has done this work for Mr. Riley "for approximately fifteen years." *Id.* ¶ 3. Mr. Riley's firm has handled "thousands" of these very similar cases and acknowledges that its work is "based in large part on templates." *Id.* at ¶ 7; Dkt. No. 31 at 8. This is borne out in the work produced in this case: a comparison of the instant motion with the attorneys' fees motion in an earlier case involving the same plaintiff and attorneys reveals that the motions are nearly word-for-word identical filings. *See G & G Closed Cir. Events, LLC v. Miranda*, No. 20-CV-07684-CRB, Dkt. No. 34 (N.D. Cal. Dec. 1, 2021). Given the rote nature of this work, the Court finds it the number of hours billed by the unnamed research attorney to be

United States District Court
Northern District of California

highly excessive.  The Court awards one-fifth of the hours claimed by the research attorney, reducing the award by a further $2,990.

## B.    Costs

Plaintiff also seeks costs in the amount of $1,451.13, consisting of $700 for investigative costs, $86.63 for courier charges, $402 for complaint filing fees, and $262.50 for service of process fees.  The Court finds that the recoverable costs should be limited to the filing fee and service of process fees.  Investigative fees are not costs incurred in prosecuting the lawsuit and are not recoverable.  *See G & G Closed Cir. Events, LLC v. Miranda*, No. 20-CV-07684-CRB, 2022 WL 35602, at *3 (N.D. Cal. Jan. 4, 2022).  The Court also finds that $700 in investigative costs is excessive where the investigation consisted of walking into a brewpub, counting patrons, and walking out two minutes later.  Dkt. No. 22-2 at 2–3 (attesting to entering bar at 9:09 p.m. and leaving at 9:11 p.m.).  The courier fees, which were incurred prior to filing the lawsuit, are likewise not recoverable.  *See Miranda*, 2022 WL 35602, at *3 (N.D. Cal. Jan. 4, 2022).  The Court **AWARDS** $664.50 in costs.

## CONCLUSION

Plaintiff's motion for attorneys' fees and costs is **GRANTED IN PART** and **DENIED IN PART.**  Plaintiff is awarded $2,967.50 in attorneys' fees and $664.50 in costs.

**IT IS SO ORDERED**.

Dated: June 27, 2023

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California